IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANCES LEE,

Plaintiff,

v.

JOHNSON & JOHNSON, and
ETHICON ENDO-SURGERY, LLC,

Defendants.  No. 13-0147-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

This sua sponte Order is triggered by the Court's initial review of the complaint.[1] On February 11, 2013, defendants removed this case to this Court based on diversity jurisdiction (Doc. 2). The Court notes that neither the complaint nor the notice of removal properly pleads citizenship as to defendant Ethicon Endo-Surgery, LLC.

Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997). "The citizenship for diversity purposes of a limited liability

---

[1] This Court always undertakes a review of newly-filed complaints; *see Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986): The first thing a federal judge should do when a complaint is filed is check to see that federal question jurisdiction is properly alleged.

company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(collecting cases); *see also Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n. 1 (7th Cir. 2004)(citing *Belleville Catering Co. v. Champaign Market Place, LLC.*, 250 F.3d 691, 692 (7th Cir. 2003)). In determining the existence of diversity jurisdiction, courts look to the citizenship of all partners or investors in a partnership or limited liability company. *Lear Corporation v. Johnson Electric Holdings Limited*, 353 F.3d 580, 582 (7th Cir. 2003).

Here, the allegations regarding Ethicon Endo-Surgery, LLC's citizenship are insufficient to confer diversity jurisdiction. Thus, the Court **ALLOWS** defendants up to and including February 26, 2013 to file a brief addressing subject matter jurisdiction. The failure to do so will result in the Court remanding this case to the Crawford County, Illinois Circuit Court for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 12th day of February, 2013.

Digitally signed by
David R. Herndon
Date: 2013.02.12
14:41:00 -06'00'

**Chief Judge
United States District Court**